IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Retha Pierce Sturdivant, | Civil Action No.: 4:10-3263-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Robert Dale, | |
| Defendant. | |

On December 21, 2010, Plaintiff filed this 42 U.S.C. § 1983 action alleging that Defendant violated her constitutional rights during the course of her arrest on December 25, 2007, and her subsequent imprisonment.[1] Plaintiff also brings state law claims for malicious prosecution, abuse of process, defamation, and civil conspiracy. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Thomas E. Rogers, III, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendants' motion for summary judgment be granted. (ECF No. 125.) Plaintiff filed timely objections to the Report and Recommendation. (ECF No. 128.) For the reasons set forth herein, the Court adopts the Report and Recommendation.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in

---

[1] In an action filed July 23, 2014, Plaintiff brought claims against other parties for conduct arising out of the same arrest. This separate case, however, has been dismissed in its entirety. *See Pierce v. Bryant et al*, No. 4:14-cv-02927-BHH (closed May 26, 2016).

1

relevant part. Plaintiff filed this matter on December 21, 2010, alleging violations of her constitutional rights and state law claims. (ECF No. 1.) Specifically, Plaintiff brings suit against Defendant under § 1983 for malicious prosecution under the Fourth Amendment, alleging, *inter alia*, that Defendant "did imprison and prosecute the Plaintiff maliciously and without probable cause." (*Id.* at 4.) She also brings a § 1983 claim under the Fourteenth Amendment for cruel and unusual punishment.[2] (*Id.* at 4–5.) Plaintiff brings state law claims for malicious prosecution, abuse of process, defamation, and civil conspiracy. (*Id.* at 5–6.)

On August 3, 2015, Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 105.) After consideration of the response filed in opposition to the motion for summary judgment (ECF No. 112), the Magistrate Judge issued a Report and Recommendation recommending that the motion for summary judgment be granted with respect to the federal causes of action and that the Court decline to exercise supplemental jurisdiction over the state law causes of action. (ECF No. 125.) He further recommended that the case be dismissed in its entirety. (*Id.*) The Court has reviewed the objections to the Report, but finds them to be without merit. Therefore, it will enter judgment accordingly.[3]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final

---

[2] Plaintiff brings this claim under the Fifth Amendment; however, as explained further below, this claim is properly alleged under the Fourteenth Amendment.
[3] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful that Plaintiff claims to be proceeding *pro se*.[4] (ECF No. 122.) When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

**DISCUSSION**

As an initial matter, the Court notes that Plaintiff's filing (ECF No. 128) is nearly identical to her response to Defendant's motion for summary judgment (ECF No. 105).

---

[4] Plaintiff's objections indicate they were filed by her attorney (ECF No. 128); however, given Plaintiff's representations to the Court, her pleadings are construed liberally.

Indeed, she fails to raise any arguments that would invoke *de novo* review. Accordingly, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error.

The Magistrate Judge first found that Plaintiff's § 1983 malicious prosecution claim fails on the merits and the Court agrees. Noting that Plaintiff was arrested without a warrant and that the parties addressed false arrest rather than malicious prosecution, the Magistrate Judge correctly found that "the proper claim is one for false arrest." (ECF No. 125 at 5–6); *see Dorn v. Town of Prosperity*, 375 Fed. App'x 284, 286 (4 Cir. 2010) ("'As a general rule, an unlawful arrest pursuant to a warrant will be more closely analogous to the common law tort of malicious prosecution. An arrest warrant constitutes legal process, and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process. On the other hand, wrongful warrantless arrests typically resemble the tort of false arrest.'") (quoting *Calero-Colon v. Betancourt-Lebron*, 68 F.3d 1, 4 (1st Cir. 1995)).

The Magistrate Judge then correctly determined that Plaintiff's claim was barred by the *Heck* doctrine because Plaintiff was convicted of resisting arrest and finding for Plaintiff on her false arrest claim would invalidate her conviction. (ECF No. 125 at 6–8); *see Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) ("Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *State v. McGowan*, 557 S.E.2d 657, 659 (S.C. 2001) ("[A] person may not

4

be convicted of resisting arrest . . . where the underlying arrest [was] unlawful."). In other words, it would require the Court to negate an element of the resisting arrest conviction by finding the underlying arrest unlawful. Because *Heck* bars such a claim, the Magistrate Judge correctly found that summary judgment is appropriate on her § 1983 claim for false arrest. The Court finds no error in his analysis and conclusion.

The Magistrate Judge next found that Plaintiff's excessive force claim fails on the merits and the Court agrees. He thoughtfully recounted the evidence in the record relating to this claim and correctly concluded that "Plaintiff fail[ed] to present sufficient evidence to show that [Defendant's] use of force in restraining her from leaving the scene and then handcuffing her was unreasonable." (ECF No. 125 at 9–11); *see Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989) ("As in other Fourth Amendment contexts, . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."). The Court agrees with the Magistrate Judge's finding that "[t]he force used by [Defendant] was minimal, swift, and for the purpose of preventing Plaintiff from walking away from the scene." (*Id.* at 11.) *See Graham*, 490 U.S. at 387 (an excessive force analysis "must embody an allowance for the fact that police officers are often forced to make split-second decisions about the amount of force necessary in a particular situation"). Because Plaintiff failed to demonstrate that Defendant's use of force was objectively unreasonable, the Court finds that summary judgment is appropriate on her § 1983 excessive force claim.

The Magistrate Judge next found that Plaintiff's § 1983 claim for cruel and unusual punishment fails on the merits and the Court agrees. Here, Plaintiff asserts that Defendant subjected her to cruel and unusual punishment when he refused to allow her to use the restroom during the traffic stop and subsequent arrest. (ECF No. 1 at 5.) Noting that Plaintiff is a pretrial detainee, the Magistrate Judge correctly found that her claim arose under the Fourteenth Amendment. *See Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987) (finding that when a plaintiff claiming cruel and usual punishment is a pretrial detainee, "the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment"). He then properly stated the applicable law and thoroughly recounted the evidence in the record relating to this claim, ultimately finding no indication that Defendant intended to punish Plaintiff by refusing to allow her to use the restroom. *See Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) ("To establish that a particular condition or restriction of his confinement is constitutionally impermissible 'punishment,' the pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred.").

The Magistrate Judge found support for his conclusions in the affidavit provided by Defendant's expert, Melvin Tucker ("Tucker"). (ECF No. 125 at 12.) Tucker offered several reasons why it would be impractical and potentially dangerous for a police officer to escort an arrestee to a restroom. (ECF No. 105-8); *see Brown v. Faggart*, No. 1:09-CV-573, 2013 WL 316152, at *2 (M.D.N.C. Jan. 28, 2013), aff'd sub nom. *Brown v. Ewart*, 517 F. App'x 134 (4th Cir. 2013) (noting that "enhancing the officer's safety or the

6

safety of others" is a legitimate governmental objective) (citing *Robles v. Prince George's Cty., Md.*, 302 F.3d 262, 269–70 (4th Cir. 2002)). The Court finds no error in the Magistrate Judge's analysis and conclusion, and finds summary judgment proper on Plaintiff's § 1983 claim for cruel and unusual punishment.

Finally, having found summary judgment proper on Plaintiff's federal claims, the Magistrate Judge recommended the Court decline to retain jurisdiction over Plaintiff's state law claims. (ECF No. 125 at 13–14); *see*, *e.g.*, 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."). The Court agrees that it would be appropriate to decline to exercise supplemental jurisdiction here and thereby dismisses the action in its entirety.

## **CONCLUSION**

After careful consideration of the relevant motions, responses, and objections, the Court finds that Plaintiff's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. It is therefore ORDERED that Defendant's motion for summary judgment (ECF No. 105) is GRANTED with respect to the federal causes of actions. Because the Court declines to exercise supplemental jurisdiction over the state law causes of action, this case is DISMISSED in its entirety.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
June 28, 2016